### HENRY vs. CUVILLIER.

APPEAL from the court of the first district.

Either party who discovers, during the trial that one of the jury, on the first trial has been sworn, may demand that another be substituted to him, and the denial of this is a good cause to demand a new trial.

MATHEWS, J. delivered the opinion of the court. It appears by the record that this cause was tried before a jury in the month of January, 1824, and that a new trial was granted at the request of the defendant, which took place in December, of the same year. The defendant being again dissatisfied with the verdict of the jury, moved in the court for another trial, which being refused, and judgment rendered on said verdict, he took the present appeal.

As a basis of the motion for a new trial in the last instance; in addition to the ordinary and formal grounds, of the verdict being con-

trary to law and evidence, two more are found; 1st, that one of the jurors who tried the cause in the last trial had served on the jury, which rendered the first verdict: 2d. That the jury, disregarding the charge of the judge *a quo*, in relation to the defendant's legal right to claim a credit against the plaintiff's demand for money advanced, by him, to her, previous to the commencement of the present action; returned a verdict contrary to that charge.

We will examine these two last grounds. Being of opinion that either of them singly, is sufficient to support the appellant's motion; it would be useless to enter into a discussion of more than the first, except that, we are led to believe from observations made during the argument of the cause, that it may be settled between the parties without further expense and trouble of litigation; under a knowledge of our opinion in relation to the second.

The facts as they are stated on the record in regard to the first ground assumed by the defendant to sustain his motion, show, that the juror was sworn before he discovered him to be one of those who decided on his cause in the first instance; that when he discovered it, he moved the court to discharge the jury and

East'n District, order a *venire de novo* and that this was refused
*April* 1825.   by the judge, who thought that his objection
Henry        came too late after the juror had been sworn,
   *vs.*        but ought to have been used as a cause of
Cuvillier.   challenge before the oath was administered.
It is most clearly a good and substantial exception to a juror, on the trial of the same cause a second time, that he acted as such on a former trial; and jurors must be, *omni exceptione majores*, 3 *Black. Com.* 363. The exception attempted to be taken to the juror in the present case, is known to the common law of England, (from which we have adopted most of our principles on the subject of trials *per pais*,) under the denomination of a challenge to the *polls:* it is a principal challenge *propter affectum*, wherein the cause assigned, carries with it *prima facie*, evident marks of suspicion, either of malice or favor. It is true, that the most proper time to make a challenge of this kind, is before the juror be sworn; and if a party with a full knowledge of the existence of such exception, were to suffer one to try his cause, without recusation to the rendition of a verdict; perhaps he ought not to be relieved against negligence so gross, after having taken the chance of obtaining a decision in his favor. But in the case

now under consideration, it appears that at the moment when the juror was sworn, the appellant did not perceive that he was one of those who acted in the former trial. So soon as he made the discovery, he applied to the judge to have the evil of which he complained, remedied, by a dischage of the present jury, and *venire de novo.* This we think ought to have been done, or another juror substituted, free from exception; on this ground, therefore, our opinion is, that the defendant is entitled to have a new trial.

The claim of deduction, from the amount recognized by the verdict, as due on the contract of partnership between the defendant and the late husband of the plaintiff, for sums of money advanced to her since his death and previous to the institution of this suit, we think, as did the judge *a quo,* ought to have been allowed by the jury, in strict pursuance of law. Payments were made to the mother, who by law was entitled to one half of the acquests and gains of a matrimonial community, at its dissolution, in consideration of a proposed agreement to pay to her daughter a certain sum at a period fixed by the project of a contract, offered by the defendant: a kind of annuity *or rente*

East'n. District.
*April* 1825.

HENRY
*vs.*
CUVILLIER.

*viàgere* which never had effect. They were made in error and might be recovered back, or ought to be allowed in compensation or payment. The circumstance of her assuming the character of tutrix in the present action, ought not to be allowed to operate against the legal rights of the appellant. Conventional interest can only be legally claimed under an express agreement in writing. The record furnishes no evidence of such an agreement in the present case. Legal interest on the amount due after deduction of advances or payments to the creditor, is that alone which can be allowed, and only from the judicial demand.

In this view of the case, we might proceed to give final judgment, if the evidence of record shewed clearly the amount paid to the appellee, directly, and that paid by her order or request to other persons, under the agreement of counsel, to wave the right to a new trial by jury; as was proposed in the course of the argument. But these facts are not established with sufficient perspicuity.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered that the cause be remanded

to the court below to be tried *de novo*, and that the appellee pay the costs of this appeal.

*Cannon* for the plaintiff, *Cuvillier* for the defendant.